# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALIFAH ED SAIF'ULLAH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON BROOMFIELD, Warden,<br><br>　　　　　Respondent. | Case No. 2:22-cv-04521-MEMF (E)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Report and Recommendation ("Report") recommends denial of the Petition and dismissal of this action with prejudice. (ECF No. 12.) As explained below, Petitioner's objections to the Report (ECF No. 13) do not warrant a change to the Magistrate Judge's findings or recommendation.

　　　　Petitioner objects that the Report "erroneously limits federal review of cases on habeas corpus to those for which the Supreme Court has already confronted the specific question presented by the case." (ECF No. 13 at 1-3.) The Report found

that no clearly established federal law supported the proposition, asserted here, that a habeas petitioner, who is serving a lawful indeterminate life sentence, has an Eighth Amendment claim due to a denial of parole.  (ECF No. 12 at 16.)  Petitioner disagrees by arguing that this Court does not have "to wait for the Supreme Court to apply the principle established in the long line of Eighth Amendment precedent . . . to a fact pattern identical to the one set forth by [Petitioner.]"  (ECF No. 13 at 3.)  But contrary to Petitioner's objection, "[t]he Supreme Court has repeatedly reminded lower courts applying AEDPA not to 'frame[e] [Supreme Court] precedents at a high level of generality."  *Fauber v. Davis*, 43 F.4th 987, 1007 (9th Cir. 2022) (alterations on original, citing *Nevada v. Jackson*, 569 U.S. 505, 512 (2013) (*per curiam*)).  Petitioner's proposed framing of the Supreme Court's Eighth Amendment jurisprudence to extend to a denial of parole, when the sentence itself was lawfully imposed, requires viewing that jurisprudence with a high level of generality.  Indeed, as the Report recognized, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  (ECF No. 12 at 13 (quoting *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)).  Thus, Petitioner's proposed framing "would defeat the substantial deference that AEDPA requires."  *Fauber*, 43 F.4th at 1008 (quoting *Jackson*, 569 U.S. at 512).

      Petitioner objects that the Report, "[i]n assessing [Petitioner's] Eighth Amendment claim *de novo*, . . . inappropriately analyzed the proportionality of his punishment based on the crime *in the abstract* rather than the specific facts of the case and the actual 43 years he has been incarcerated."  (ECF No. 13 at 3-7.)  To the contrary, in reviewing the Eighth Amendment claim *de novo*, the Report considered the specific facts of Petitioner's case.  (ECF No. 12 at 17-22.)  But even if the Report had not done so, no legal authority requires an individualized review of mitigating circumstances in cases, such as this case, challenging a non-capital sentence.  *See Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991) (for non-capital

sentences, review under the Eighth Amendment does not require individualized considerations of mitigation).

Petitioner objects that the Report "erroneously concludes that [Petitioner] only alleged a violation of state law based on a mischaracterization of the analysis in [*In re Palmer*, 10 Cal. 5th 959 (2021)]." (ECF No. 13 at 7-9.) In *Palmer*, as the Report noted, the California Supreme Court "held that, under California law, a prisoner may seek habeas relief following a parole denial on the ground that, after parole was denied, the prisoner's sentence assertedly became cruel and unusual in violation of California law." (ECF No. 12 at 4.) Petitioner argues that he "relies on *In re Palmer* to illustrate how his federal constitutional rights were violated, not just his state rights under the California Constitution." (ECF No. 13 at 8.) But this objection does not persuasively explain how *In re Palmer* could change the Report's analysis of Petitioner's federal claim. A state court decision such as *In re Palmer* cannot be clearly established federal law. *See Kernan v. Cuero*, 583 U.S. 1, 8 (2017) (*per curiam*) (state-court decisions, treatises, or law review articles are not clearly established federal law). Nor can a state court's interpretation of the Eighth Amendment, in the abstract or in an unrelated case, be binding on a federal court. *See Missouri v. Hunter*, 459 U.S. 359, 368 (1983) (state court's interpretations of state law are binding on a federal court, but its conclusions under the United States Constitution are not).

Petitioner objects that the Report "wrongfully ignored the impact of recent case law that creates a heightened liberty interest in parole for those who committed crimes in their youth." (ECF No. 13 at 9-10.) Specifically, Petitioner relies on the Supreme Court's Eighth Amendment jurisprudence for juvenile offenders to argue that their parole hearings "demand more procedural protections." (*Id*. at 9.) This objection fails to overcome the Report's finding that Petitioner, who was 23 years old at the time of the crime, was not a juvenile within the meaning of the Supreme Court's Eighth Amendment jurisprudence. (ECF No. 12 at 21-22.) It also fails to

3

overcome the Report's conclusion that, even if it were assumed that Petitioner was a juvenile, he did not receive the "functional equivalent of life without the possibility of parole" within the meaning of the Supreme Court's Eighth Amendment jurisprudence for juveniles. (*Id*. at 22.)

In sum, Petitioner's objections are overruled.

## ORDER

It is ordered that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

The Court is in receipt of Petitioner's request for a final decision. ECF No. 14. This Order represents the Court's final decision. The Court also notes that Petitioner advises that he has not been in contact with counsel. Out of an abundance of caution, the Court will order that the Clerk serve this Order both on counsel of record as well as on Petitioner at the address he used in his request for a final decision.

DATED: June 11, 2024

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE